

FILED
APR 19 2012
DAVID...... CLERK
BY_____
       Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

ALCORN COUNTY ELECTRIC POWER
ASSOCIATION                                                              PLAINTIFF

V.                                              CIVIL ACTION NO. 1:12CV082-A-S

TENNESSEE VALLEY AUTHORITY;
BRANDON PRESLEY, *in his Official Capacity*;
LYNN POSEY, *in his Official Capacity*;
LEONARD BENTZ, *in his Official Capacity*; and
SCOTT EDWARDS, *in his Individual and Official Capacity*    DEFENDANTS

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW Alcorn County Electric Power Association, by and through counsel, and for its Complaint for Declaratory Judgment against the Defendants, Tennessee Valley Authority; Brandon Presley, Lynn Posey, and Leonard Bentz, in their official capacities as commissioners of the Mississippi Public Service Commission ("MPSC"); and Scott Edwards, in his individual capacity and in his official capacity as an employee of the MPSC, would respectfully show to this Honorable Court the following:

### PARTIES

1. Plaintiff, Alcorn County Electric Power Association ("ACE"), is an electric power association organized and existing under Mississippi's Electric Power Association Law, MISS. CODE ANN. §§ 77-5-201, *et seq.*, with its principal place of business in Corinth, Alcorn County, Mississippi.

2. Defendant Tennessee Valley Authority ("TVA") is a federal corporation with its principal place of business in Knoxville, Tennessee, and doing business in Mississippi as, *inter*

*alia*, a supplier of wholesale electricity to ACE and various other electric utilities. TVA may be served with process by delivering a copy of the summons and complaint to the United States Attorney for the Northern District of Mississippi, the Attorney General of the United States at Washington, D.C., and Ralph Rogers, General Counsel, Tennessee Valley Authority, 400 W. Summit Hill Dr., WT7B-K, Knoxville, Tennessee 37902.

3. Brandon Presley is an adult resident citizen of Nettleton, Monroe County, Mississippi, and is the Northern District Commissioner of the MPSC with his office located at 218 Main Street, Nettleton, MS 38858.

4. Lynn Posey is an adult resident citizen of Union Church, Jefferson County, Mississippi, and is the Central District Commissioner of the MPSC with his office located at Woolfolk Building, 501 North West Street, Suite 201A, Jackson, MS 39201.

5. Leonard Bentz is an adult resident citizen of Biloxi, Hancock County, Mississippi, and is the Southern District Commissioner of the MPSC with his office located at 16516 Switzer Park Road, Biloxi, MS 39532.

6. Scott Edwards is an adult resident citizen of Smithville, Monroe County, Mississippi, and is an Investigator for the Northern District of MPSC for the counties of Alcorn, Itawamba, Monroe, Tishomingo, with his residence located at 895 Highway 23, Smithville, MS 38870 and his office located at 218 Main Street, Nettleton, MS 38858.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1331 (federal question), as this dispute concerns the extent and scope of TVA's regulatory authority under the Tennessee Valley Authority Act of 1933, as amended, 16 U.S.C. §§ 831-

831ee.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) and/or (e)(1), as a substantial part of the events or omissions giving rise to this action occurred in this district, and/or a substantial part of property that is the subject of this action, including ACE's electric distribution facilities and operations, is situated in this district.

## NATURE OF THE ACTION

9. ACE is engaged in the distribution and retail sale of electricity in and around Alcorn County, Mississippi, on a not-for-profit basis. ACE is owned and controlled by its members, who are consumers of electricity supplied by ACE. ACE does not own electric generation facilities but instead purchases power on a wholesale basis from TVA pursuant to a long-term, all-requirements power supply contract with TVA.

10. The MPSC is an agency of the State of Mississippi created and organized pursuant to MISS. CODE ANN. §§ 77-1-1, *et seq.*

11. A dispute has arisen between and among the parties concerning the legal question of whether ACE is subject to regulation by TVA or subject to regulation by the MPSC in regard to ACE's disconnection of service to customers for nonpayment of their electric bill.

12. Pursuant to the Tennessee Valley Authority Act of 1933, as amended, 16 U.S.C. §§ 831-831ee (the "TVA Act"), TVA is authorized to regulate and regulates ACE and other retail distributors of TVA power ("TVA distributors") to carry out the purposes of the TVA Act. TVA regulates ACE and the other TVA distributors through both (a) power supply contract terms and conditions, and (b) rules and regulations. TVA's regulation includes, *inter alia*, regulation of the retail rates charged by the distributors to their respective customers for electricity, the policies and

practices of the distributors relating to the disconnection of electric service to retail customers for nonpayment of their electric bills, and the late payment, disconnection, and reconnection fees charged by the distributors to their customers.

13. The MPSC is authorized under Mississippi's Public Utilities Act of 1956, MISS. CODE ANN. §§ 77-3-1, *et seq.* ("the Public Utilities Act"), to regulate public utilities in accordance with and to the extent specified in the Public Utilities Act. *See* MISS. CODE ANN. § 77-3-5 ("Subject to the limitations imposed in this article and in accordance with the provisions hereof, the public service commission shall have exclusive original jurisdiction over the intrastate business and property of public utilities.").

14. ACE distributes electricity to the public for compensation, and is, therefore, a "public utility" as defined in MISS. CODE ANN. § 77-3-3(d)(i); but the MPSC's jurisdiction over ACE does not extend to rate regulation (except in certain limited circumstances). *See* MISS. CODE ANN. § 77-3-5(b) (MPSC does not have jurisdiction to regulate the rates for the sales of "electricity by . . . electric power associations to the members thereof as consumers, except as provided by sections 77-3-15 and 77-3-17, where service is rendered in a municipality").

15. The Public Utilities Act provides that the term "rate" means and includes "every compensation, charge, fare, toll, rental and classification, or the formula or method by which such may be determined, or any of them, demanded, observed, charged or collected by any public utility for any service, product or commodity described in this section, offered by it to the public, and any rules, regulations, practices or contracts relating to any such compensation, charge, fare, toll, rental or classification . . . ." MISS. CODE ANN. § 77-3-3(e) (emphasis added).

16. The MPSC has adopted certain regulations styled "Rules and Regulations Governing Public Utility Service" (hereinafter "MPSC Service Rules"). Rule 1 Section 100 of the MPSC Service Rules provides that the rules "shall apply to every public utility, as that term is defined in Section 77-3-3, Mississippi Code of 1972, as amended, over which the Commission is given any jurisdiction and *to the extent of such jurisdiction.*" (Emphasis added).

17. On August 3, 2010, the MPSC entered an order that adopted a "Ratepayers' Bill of Rights" and incorporated those "rights" within the MPSC Service Rules. A copy of the MPSC's August 3, 2010 Order is attached hereto as Exhibit "A." Many of the "rights" deal with the disconnection of service to customers who have failed to pay for the utility services they have received; and such "rights" were incorporated into MPSC Service Rule 8, under the heading "Discontinuance of Service."

18. It is the position of ACE -- and ACE has repeatedly advised the MPSC and Defendants Presley, Posey, Bentz and Edwards -- that MPSC Service Rule 8 and the Ratepayers' Bill of Rights provisions incorporated therein, do not apply to ACE because those rules and regulations constitute "rate regulation" and ACE is not subject to rate regulation by the MPSC per the provisions of § 77-3-5(b) of the Public Utilities Act. Specifically, the disconnection of service for nonpayment is inextricably intertwined with ACE's collection of "compensation" charged (and to be collected) for its electric services, and MPSC Service Rule 8 relates directly to and affects the "compensation" and "charges" that are demanded, charged, and collected by ACE for its electric services. *See* MISS. CODE ANN. § 77-3-3(e) (definition of the term "rate").

19. It is also the position of ACE -- and ACE has repeatedly advised the MPSC and Defendants Presley, Posey, Bentz and Edwards -- that ACE is regulated by TVA with regard to

5

its rates, including ACE's disconnections of service for nonpayment; and that the MPSC's regulatory authority, if any, over ACE in regard to the disconnection of service for nonpayment is preempted by TVA's regulatory authority under federal law.

20. TVA has also specifically advised ACE that TVA's regulation of ACE extends to all matters relating to the disconnection of electric service for the failure of ACE's customers to pay for their electric services, including ACE's disconnection policies and practices and its late payment, disconnection, and reconnection charges. TVA has further advised ACE that it is TVA's position that -- due to the absence of rate regulation authority by the MPSC over ACE -- the MPSC does not have jurisdiction over ACE with regard to MPSC Service Rule 8 or any portions of the MPSC's Ratepayers' Bill of Rights that deal with the disconnection of service for nonpayment. TVA has further advised ACE that TVA is ACE's exclusive regulator with regard to such matters and that any assertions of jurisdiction over ACE by the MPSC as to such matters is preempted by federal law, including the TVA Act. True and correct copies of correspondence sent by TVA in regard to TVA's position are attached hereto as Exhibits "B" and "C."

21. Defendant Edwards had advised ACE previously that ACE was correct in its assertions that TVA -- not the MPSC -- regulates ACE's disconnections of service for nonpayment and that ACE is not subject to the disconnection of service "rights" that have been incorporated into MPSC Service Rule 8. However, on March 12, 2012, Edwards filed a formal complaint with the MPSC against ACE which alleges that ACE violated MPSC Service Rule 8 with respect to ACE's disconnection of service to a customer who failed to pay her electric bill over a period of several months and which also challenges ACE's charging of disconnection and reconnection fees to the customer. A copy of the referenced complaint filed by Edwards ("MPSC Complaint") is

attached hereto as Exhibit "D." In the MPSC Complaint, Edwards requests that the MPSC find that it has "jurisdiction over the parties and the subject matter of this action" and requests that the MPSC impose civil penalties against ACE. *See* Exhibit "D" at p. 8, Prayer for Relief.

22. Pursuant to MPSC's Public Utility Rules of Practice and Procedure 11.101.3, the Commissioners of the MPSC (Defendants Presley, Posey and Bentz) were required to examine the MPSC Complaint and determine whether it alleged a prima facie case against ACE. On March 20, 2012, the MPSC served a "Notice to Alcorn County Electric Power Association of Complaint," pursuant to Rule 11.101.3, indicating that at least two of the three Commissioner Defendants had determined that the MPSC had jurisdiction to apply the MPSC Ratepayers' Bill of Rights and the "rights" involving disconnection of service incorporated in MPSC Service Rule 8 upon ACE. *See* Exhibit "E."

23. There is no factual basis for the claims contained in the MPSC Complaint. For example, the MPSC Complaint alleges that ACE violated MPSC Service Rule 8.105(1) by allegedly failing to provide a delayed payment plan to the subject customer; but ACE gave the customer numerous extensions of time to pay her bill, allowing her more than 40 days from the original due date within which to pay her bill. The MPSC Complaint also alleges that ACE violated MPSC Service Rule 8.125(1), which prohibits a utility from discontinuing utility service for nonpayment when a medical doctor has certified that discontinuance of service would create a "life threatening situation" for the customer or other permanent resident of the customer's household; but the allegation is based on a doctor's letter (attached to the MPSC Complaint) that, on its face, does not even certify the existence of a "life threatening situation."

24.     Regardless of the absence of any factual basis for the claims asserted against ACE in the MPSC Complaint, a substantial and actual controversy exists between and among the parties with regard to the regulation of ACE by TVA and by the MPSC, respectively. Because of TVA's regulatory authority under federal law on the one hand, and the conflicting regulatory authority of the MPSC asserted by Defendants Presley, Posey and Bentz, in their official capacities as MPSC Commissioners, as well as by Defendant Edwards, individually and/or in his official capacity as MPSC employee, on the other hand, ACE requests that this Court declare whether ACE is subject to regulation by TVA or subject to regulation by the MPSC in regard to ACE's disconnection of service to customers for nonpayment of their electric bill, and the late payment, disconnection, and reconnection fees charged by ACE.

WHEREFORE, PREMISES CONSIDERED, ACE respectfully requests:

  A.     That pursuant to 28 U.S.C. §2201 and/or Fed. R. Civ. P. 57, this Court enter a judgment declaring that:

   (1) MPSC Service Rule 8 ("Discontinuance of Service") and those portions of the MPSC's Ratepayers' Bill of Rights incorporated therein, do not apply to ACE,

   (2) TVA has regulatory authority over ACE's disconnection of service to customers for nonpayment of their electric bill, and the late payment, disconnection, and reconnection fees charged by ACE, and

   (3) TVA's regulatory authority over such matters is exclusive, because the MPSC does not have jurisdiction under Mississippi law to impose such regulations on ACE and/or because the MPSC's jurisdiction over such matters, if any, is preempted by TVA's regulatory authority under federal law;

  B.     That this Court enter an order enjoining Defendants Presley, Posey, Bentz and Edwards from enforcing or attempting to enforce MPSC Service Rule 8 ("Discontinuance of

Service") and those portions of the MPSC's Ratepayers' Bill of Rights incorporated therein upon ACE;

    C. That this Court enter an order temporarily staying *"Mississippi Public Service Commission by Scott Edwards, Employee v. The Alcorn County Electric Power Association,"* MPSC Docket No. 2012-AD-101, until the regulatory conflict described herein is resolved by this Court; and

    D. That this Court grant such other or additional relief as the Court may deem just and proper.

  THIS, the 19th day of April, 2012.

        Respectfully submitted,

        ALCORN COUNTY ELECTRIC POWER ASSOCIATION

      BY: */s/ Larry Moffett*
        OF COUNSEL

LARRY D. MOFFETT - BAR # 3401
SHELLY MOTT BASS - BAR # 103587
DANIEL COKER HORTON & BELL, P.A.
OXFORD SQUARE NORTH
265 NORTH LAMAR BOULEVARD, SUITE R
POST OFFICE BOX 1396
OXFORD, MS 38655-1396
(662) 232-8979
lmoffett@danielcoker.com
sbass@danielcoker.com