IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**ALCORN COUNTY ELECTRIC POWER ASSOCIATION, CENTRAL ELECTRIC POWER ASSOCIATION, EAST MISSISSIPPI ELECTRIC POWER ASSOCIATION, 4-COUNTY ELECTRIC POWER ASSOCIATION, MONROE COUNTY ELECTRIC POWER ASSOCIATION, NATCHEZ TRACE ELECTRIC POWER ASSOCIATION, NORTHCENTRAL MISSISSIPPI ELECTRIC POWER ASSOCIATION, NORTH EAST MISSISSIPPI ELECTRIC POWER ASSOCIATION, PONTOTOC ELECTRIC POWER ASSOCIATION, PRENTISS COUNTY ELECTRIC POWER ASSOCIATION, TALLAHATCHIE VALLEY ELECTRIC POWER ASSOCIATION, TIPPAH ELECTRIC POWER ASSOCIATION, TISHOMINGO COUNTY ELECTRIC POWER ASSOCIATION, AND TOMBIGBEE ELECTRIC POWER ASSOCIATION**        **PLAINTIFFS**

**VS.**       **CIVIL ACTION NO. 1:12CV082-MPM-DAS**

**TENNESSEE VALLEY AUTHORITY,
BRANDON PRESLEY,** *in his Official Capacity*,
**LYNN POSEY,** *in his Official Capacity*;
**LEONARD BENTZ,** *in his Official Capacity*; and
**SCOTT EDWARDS,** *in his Individual and Official
Capacities*       **DEFENDANTS**

---

**ANSWER AND AFFIRMATIVE DEFENSES OF
DEFENDANTS PRESLEY, POSEY, BENTZ AND EDWARDS**

---

Defendants Brandon Presley, *in his Official Capacity*, Lynn Posey, *in his Official Capacity*, Leonard Bentz, *in his Official Capacity*, and Scott Edwards, *in his Individual and Official Capacities* (collectively "Defendants"), file this Answer and Defenses to the Plaintiffs' Amended Complaint for Declaratory Judgment ("Complaint") [Docket No. 6] and state:

## ANSWER

Defendants respond to the allegations of the Complaint, paragraph-by-paragraph, as follows:

## PARTIES

1. Admitted.
2. Admitted.
3. Admitted.
4. Admitted.
5. Admitted.
6. Admitted.
7. Admitted.
8. Admitted.
9. Admitted.
10. Admitted.
11. Admitted.
12. Admitted.
13. Admitted.
14. Admitted.
15. Admitted.
16. Admitted.
17. Admitted.
18. Admitted.

19. Admitted.

20. Admitted.

## JURISDICTION AND VENUE

21. Denied as stated. Defendants admit only that the issue of whether this Court has subject matter jurisdiction over this action is a legal question that must be determined by the Court.

22. Denied as stated, and defendants specifically deny that venue is appropriate in this district. Defendants admit only that, upon information and belief, plaintiff Alcorn County Electric Power Association's electric distribution facilities and operations are situated in this district, however, that fact alone does not make the current venue of this action proper.

## NATURE OF THE ACTION

23. Defendants admit the allegations contained in paragraph 23 of the Complaint upon information and belief and submit that the contracts and obligations of ACE described therein speak for themselves.

24. Defendants admit the allegations contained in paragraph 24 of the Complaint and submit that the statutes referenced therein speak for themselves.

25. Denied as stated. Defendants admit only that a complaint is currently pending before the MPSC against ACE bearing Docket No. 2012-AD-101 and the allegations and issues pending in that docket speak for themselves.

26. Denied as stated. Defendants admit only that the statutes and laws referenced in paragraph 26 of the Complaint speak for themselves.

27. Denied as stated. Defendants admit only that the statutes and laws referenced in

paragraph 27 of the Complaint speak for themselves.

28.     Denied as stated.  Defendants admit only that the statutes and laws referenced in paragraph 28 of the Complaint speak for themselves.

29.     Denied as stated.  Defendants admit only that the statutes and laws referenced in paragraph 29 of the Complaint speak for themselves.

30.     Denied as stated.  Defendants admit only that the MPSC Rules and statutes and laws referenced in paragraph 30 of the Complaint speak for themselves.

31.     Denied as stated.  Defendants admit only that the August 3, 2010 Order referenced in paragraph 31 of the Complaint speaks for itself.

32.     Denied as stated.  Defendants admit only that the allegations contained in paragraph 32 of the Complaint state legal conclusions that do not require a response and reference statutes and laws which speak for themselves.

33.     Denied as stated.  Defendants admit only that the allegations contained in paragraph 33 of the Complaint state legal conclusions that do not require a response and reference statutes and laws which speak for themselves.

34.     Denied as stated.  Defendants admit only that the documents referenced in paragraph 34 of the Complaint speak for themselves.

35.     Denied as stated.  Defendants admit only that the MPSC complaint referenced in paragraph 35 of the Complaint speaks for itself.

36.     Denied as stated.  Defendants admit only that the Rules and documents referenced in paragraph 36 of the Complaint speak for themselves.

37.     Denied.

38. Denied as stated. The allegations contained in paragraph 38 of the Complaint state legal conclusions that do not require a response from Defendants.

Defendants deny the allegations contained in the unnumbered paragraph on pages 11-12 of the Complaint beginning with "WHEREFORE, PREMISES CONSIDERED...", including subparagraphs A-D, and specifically aver that Plaintiffs are not entitled to any relief whatsoever.

Any and all allegations contained in the Complaint which Defendants have not specifically admitted are hereby denied.

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

The Complaint should be dismissed for lack of subject matter jurisdiction, including, but not limited to, for lack of an Article III case or controversy.

### THIRD DEFENSE

Defendants affirmatively assert all immunity defenses to which they are entitled, including, but not limited to, their Eleventh Amendment immunity, and any other qualified or absolute immunity to which they are entitled.

### FOURTH DEFENSE

Defendants affirmatively assert that the Complaint should be dismissed based upon principles of abstention and/or state-federal comity.

### FIFTH DEFENSE

Defendants affirmatively assert the defenses of estoppel, waiver, laches and res judicata.

**SIXTH DEFENSE**

Defendants affirmatively assert all defenses which are, or may become available to them, under applicable state and federal statutes, including, but not limited to, 28 U.S.C. § 1342 and 28 U.S.C. § 2283.

**SEVENTH DEFENSE**

Defendants affirmatively assert that this matter should be dismissed or transferred on account of improper venue.

**EIGHTH DEFENSE**

Defendants affirmatively assert all defenses which are, or may become available to them, pursuant to Fed. R. Civ. P. 12(b) and or 8(c).

FOR THESE REASONS, Defendants Brandon Presley, *in his Official Capacity*, Lynn Posey, *in his Official Capacity*, Leonard Bentz, *in his Official Capacity*, and Scott Edwards, *in his Individual and Official Capacities*, hereby move the Court to dismiss Plaintiffs' Amended Complaint for Declaratory Judgment with prejudice and assess all costs of this proceeding to Plaintiffs.

THIS the 11th day of June, 2012.

    Respectfully submitted,

    Brandon Presley, *in his Official Capacity*,
    Lynn Posey, *in his Official Capacity*,
    Leonard Bentz, *in his Official Capacity*, and
    Scott Edwards, *in his Individual and Official Capacities*

    By:    Jim Hood, Attorney General for the State of Mississippi

                                                                                 By:       S/Justin L. Matheny
                                                                                                             Justin L. Matheny (Bar No. 100754)
Wilson Minor (Bar No. 102663)
Special Assistant Attorneys General
Office of the Attorney General
550 High Street, Suite 1200
P.O. Box 220
Jackson, MS 39205
Telephone: (601) 359-3680
Facsimile: (601) 359-2003
*jmath@ago.state.ms.us*
*wmino@ago.state.ms.us*

### **CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing document has been filed with the Clerk of Court using the Court's ECF filing system and thereby served on the following persons:

    Larry D. Moffett
    Shelly Mott Bass
    Daniel Coker Horton & Bell PA
    Post Office Box 1396
    Oxford, MS 38655-1396

THIS the 11th day of June, 2012.

                                                                                             S/Justin L. Matheny
                                                                                             Justin L. Matheny