UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

ALCORN COUNTY ELECTRIC POWER ASSOCIATION,
CENTRAL ELECTRIC POWER ASSOCIATION, EAST
MISSISSIPPI ELECTRIC POWER ASSOCIATION, 4-COUNTY
ELECTRIC POWER ASSOCIATION, MONROE COUNTY          No. 1:12cv082-M-S
ELECTRIC POWER ASSOCIATION, NATCHES TRACE
ELECTRIC POWER ASSOCIATION, NORTHCENTRAL
MISSISSIPPI ELECTRIC POWER ASSOCIATION, NORTH
EAST MISSISSIPPI ELECTRIC POWER ASOCIATION,
PONTOTOC ELECTRIC POWER ASSOCIATION, PRENTISS
COUNTY ELECTRIC POWER ASSOCIATION,
TALLAHATCHIE VALLEY ELECTRIC POWER
ASSOCIATION, TIPPAH ELECTRIC POWER ASSOCIATION,
TISHOMINGO COUNTY ELECTRIC POWER ASSOCIATION,
and TOMBIGBEE ELECTRIC POWER ASSOCIATION,
Plaintiffs,

        v.

TENNESSEE VALLEY AUTHORITY, BRANDON PRESLEY,
in his Official Capacity, LYNN POSEY, in his Official Capacity,
LEONARD BENTZ, in his Official Capacity, and SCOTT
EDWARDS, in his Individual and Official Capacity,
Defendants.

## TENNESSEE VALLEY AUTHORITY'S ANSWER TO THE AMENDED COMPLAINT

Defendant Tennessee Valley Authority (TVA) answers the allegations of the Amended

Complaint as follows:

1. TVA admits the allegations of paragraph 1.

2. TVA admits the allegations of paragraph 2.

3. TVA admits the allegations of paragraph 3.

4. TVA admits the allegations of paragraph 4.

5. TVA admits the allegations of paragraph 5.

6. TVA admits the allegations of paragraph 6.

7. TVA admits the allegations of paragraph 7.

8. TVA admits the allegations of paragraph 8.

9. TVA admits the allegations of paragraph 9.

10. TVA admits the allegations of paragraph 10.

11. TVA admits the allegations of paragraph 11.

12. TVA admits the allegations of paragraph 12.

13. TVA admits the allegations of paragraph 13.

14. TVA admits the allegations of paragraph 14.

15. Paragraph 15 makes no allegation to which a response from TVA is required.

16. Answering the allegations of the first sentence of paragraph 16, TVA admits that it is an executive branch corporate agency and instrumentality of the United States, created by and existing pursuant to the TVA Act of 1933, *as amended*, 16 U.S.C. §§831-831ee (2006 & Supp. III 2009), and that, as part of its statutory missions, it supplies wholesale electricity to the fourteen Plaintiffs and to the one hundred thirty-six additional cooperative and governmental public power entities that distribute TVA power throughout the Tennessee Valley region. Answering the allegations of the second sentence of paragraph 16, TVA admits that it may be served with process in accordance with Federal Rule of Procedure 4(i).

17. Upon information and belief, TVA admits the allegations of paragraph 17.

18. Upon information and belief, TVA admits the allegations of paragraph 18.

19. Upon information and belief, TVA admits the allegations of paragraph 19.

20. Upon information and belief, TVA admits the allegations of paragraph 20.

21. TVA admits the allegations of paragraph 21.

22. Answering the allegations of paragraph 22, TVA admits that venue is proper pursuant to 28 U.S.C. § 1391(b)(2). TVA denies that venue is proper pursuant to 28 U.S.C. § 1391(e).

23. TVA admits the allegations of paragraph 23.

24. TVA admits the allegations of paragraph 24.

25. TVA admits the allegations of paragraph 25.

26. TVA admits the allegations of paragraph 26.

27.  TVA admits the allegations of paragraph 27.

28. TVA admits the allegations of paragraph 28.

29. TVA admits the allegations of paragraph 29.

30. TVA admits the allegations of paragraph 30.

31. TVA admits the allegations of paragraph 31.

32. TVA admits that paragraph 32 states Plaintiffs' position that Mississippi Public Service Commission (MPSC) Service Rule 8 and MPSC Ratepayers' Bill of Rights do not apply to the Plaintiffs.  TVA is without sufficient knowledge or information to form a belief as to the truth of the content or frequency of the Plaintiffs' communication of that position to the MPSC or to the other Defendants.

33. TVA admits that paragraph 33 states Plaintiffs' position as to regulatory authority of the MPSC and TVA over the Plaintiffs' resale rates and Plaintiffs' disconnection of electric service for nonpayment.  TVA is without sufficient knowledge or information to form a belief as to the frequency of Plaintiffs' communication of that position to the MPSC or the other Defendants.

34. Answering the allegations of paragraph 34, TVA admits that Exhibits B and C to the Amended Complaint are accurate copies of letters sent by TVA's authorized representatives on behalf of TVA, and that those exhibits speak for themselves with regard to TVA's position on its regulatory authority over the Plaintiffs.

35. Answering the allegations of paragraph 35, TVA states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations of the first sentence in paragraph 35. Answering the remaining allegations of paragraph 35, TVA admits that a

complaint was filed with the MPSC on March 12, 2012, that Exhibit D to the Amended Complaint appears to be a copy of the MPSC Complaint, and that the MPSC Complaint (Exhibit D) speaks for itself.

36. Answering the allegations of paragraph 36, TVA states that the first sentence of paragraph 36 is a legal conclusion to which no response from TVA is required, and that the second sentence appears to accurately describe Exhibit E to the Amended Complaint.

37. Answering the allegations of paragraph 37, TVA states that, as explained in the May 10, 2012 letter from Cynthia Herron, Director, TVA Retail Regulatory Affairs to James D. Nanney, Jr., Manager, Alcorn County Electric Power Association, attached hereto as Exhibit 1, TVA's Director of Retail Regulatory Affairs undertook a review of the incident giving rise to the claims in the MPSC Complaint and found "nothing in [Alcorn's] brief disconnection of [the customer's] service which was inconsistent with the requirements of the TVA Power Contract and of the applicable TVA Service Practice Standard 4" and that "the disconnection was carried out in accordance with [Alcorn's] disconnection policy adopted in accordance with, and meeting the requirements of [TVA Service Practice Standard 4]."

38. Answering the allegations of paragraph 38, TVA admits the first sentence of paragraph 38, and states that the second sentence of paragraph 38 is a statement of Plaintiffs' requested relief to which no response from TVA is required.

39. No response to the prayer for relief following paragraph 38 is required by TVA because the prayer for relief does not seek any relief against TVA. TVA states that it joins with Plaintiffs in requesting an order from the Court declaring that MPSC Service Rule 8 and those portions of the MPSC's Ratepayers' Bill of Rights incorporated therein do not apply to Plaintiffs pursuant to the TVA Act and Mississippi statutory law.

Respectfully submitted,

*s/Maria V. Gillen*
Edwin W. Small, Deputy General Counsel
Maria V. Gillen, Senior Attorney
David D. Ayliffe, Attorney
TVA GENERAL COUNSEL'S OFFICE
400 West Summit Hill Drive
Knoxville, Tennessee 37902-1401
Telephone 865.632.7741

Attorneys for Tennessee Valley Authority

2804232

**CERTIFICATE OF SERVICE**

I hereby certify that on July 9, 2012, I electronically filed the foregoing with the Clerk of

Court using the ECF system which sent notification of such filing to the following:

Larry D. Moffett
Shelly M. Bass
Daniel, Coker, Horton & Bell
P.O. Box 1084
Jackson, MS 39215-1084
(601) 969-7607
lmoffett@danielcoker.com
sbass@danielcoker.com

Justin Lee Matheny
Mississippi Attorney General's Office
P. O. Box 220
Jackson, MS 39205-0220
601-359-3825
jmath@ago.state.ms.us

_s/Maria V. Gillen_
Attorney for Tennessee Valley Authority